Matter of V.B. (Marcia C.--Richard B.)

2026 NY Slip Op 02441

April 23, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of V.B., A Child Under Eighteen Years of Age, etc., Marcia C., Respondent-Appellant, Richard B., Respondent, Administration for Children's Services, Petitioner-Respondent.

Decided and Entered: April 23, 2026

Docket No. N9766/24|Appeal No. 6200|Case No. 2025-02272|

Before: Webber, J.P., González, Mendez, O'Neill Levy, Hagler, JJ.

Andrew J. Baer, New York, for appellant.

Muriel Goode-Trufant, Corporation Counsel, New York (Susan Paulson of counsel), for respondent.

Dawne A. Mitchell, The Legal Aid Society (Judith Stern of counsel), attorney for the child.

[*1]

Order, Family Court, Bronx County (E. Grace Park, J.), entered on or about March 27, 2025, which, to the extent appealed from as limited by the briefs, determined that respondent mother abused and neglected the subject child, unanimously modified, on the law, to the extent of vacating the finding of abuse against her, and otherwise affirmed, without costs.

The finding of neglect was supported by a preponderance of the evidence that the father of the subject child, who resided with the mother and the child, inflicted excessive corporal punishment on the child and subjected the child to sexual abuse, and that the mother knew or should have known but failed to take any steps to protect the child (see Matter of Jonathan M. [Gilda L.], 139 AD3d 438, 438 [1st Dept 2016]; see also Matter of M.R. [Manuel R.], 233 AD3d 454, 455 [1st Dept 2024]; Matter of Angelica A. [Amalia R.], 200 AD3d 443, 444 [1st Dept 2021]). There is no basis for disturbing the court's determination that the child's testimony recounting the abuse by her father was credible (see Matter of Angelica A., 200 AD3d at 444). The mother's vague speculation that the child made up the allegations so that the child could be placed in foster care in the child's friend's home was not supported by the record.

The court also providently exercised its discretion in conforming the pleadings to the proof in finding that the mother's act of threatening the child with a knife after the child was released to her custody was sufficient in itself for a finding of neglect. While the incident occurred after the filing of the petition, the mother was on notice about it as it was the basis for the child's removal and remand to ACS custody, and the mother was not prejudiced in any way because she "was afforded a sufficient opportunity to defend against the allegations" (Matter of Jada W. [Ketanya B.], 104 AD3d 861, 861 [2d Dept 2013], lv denied 21 NY3d 862 [2013]; see Matter of Pandora S.D. [Isabelle D.], 231 AD3d 575, 575-576 [1st Dept 2024], lv denied 43 NY3d 901 [2025]).

As argued by the mother and the attorney for the child, a finding of abuse against the mother was not supported by the evidence.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 23, 2026